Johnson, C. J. This was a petition filed in the probate' court of Pulaski county by the appellants in which they allege that Cynthia Robinson the former owner had by her last will and testament manumitted and set them at liberty; that she had directed all her other property to be sold and disposed of for the payment of the debts against her estate; that she left more property than would be required to pay all her debts, and for the proof of which fact they refer to the accounts of William E. Woodruff, the executor ■of said will; that said will had been duly proven and admitted to record and bond given to prevent them from becoming a charge upon the county, that they offered to execute any other bonds that might be required by law in order to prevent them from becoming a charge upon the county and also for their good behavior. The petition then concludes with a formal prayer that the petitioner and her children, and her future children, if any, may be decreed to be manumitted and set at liberty in conformity with said will, and that she and her children be discharged forever from all liability for the debts of said Cynthia. To this petition Woodruff appeared and filed his motion to dismiss, but the court upon consideration overruled the motion and proceeded to investigate the condition of the estate and upon being satisfied of the sufficiency of the assets to pay and discharge all the demands against the estate, pronounced a full and final decree in favor of the appellants by which it was declared that they were forever released and discharged in accordance with the will of the said Cynthia from any future liability for the debts against her estate. If this decree amounts to any thing, and was pronounced by a court of competent jurisdiction, it is to all intents and purposes a full and final release from slavery and will stand as a perpetual shield and protection to those in whose favor it was rendered throughout all future time. The first point that presents itself in the investigation, and the one that will settle the fate of the case, relates to the jurisdiction of the court. It is enacted by the 1st sec. of chap. 66 of the Revised Code that “any person held in slavery may petition the circuit court or judge thereof in term time, or in vacation, for leave to sue as a poor person in order to establish his right to freedom, and shall state in his petition the ground on which his claim to freedom is founded.” The 9th section of the same act further provides that “ the action to be brought under the leave shall be an action of trespass for false imprisonment and shall be instituted in the name of the petitioner against the person holding him in slavery or claiming him as a slave.” It is conceded by the appellants that the circuit courts alone can entertain jurisdiction of suits for freedom; but it is insisted that such is not the character and scope of the' present proceeding. The argument seems to be that, inasmuch as the records of the probate court could alone furnish the evidence necessary to enable the appellants to carry out and effectuate the intentions and purposes of the testatrix, therefore that court possesses jurisdiction of the subject matter of the petition. Whether the will operates per se as an immediate release from bondage, subject tobe retaken to satisfy prior debts, or whether the party intended to be liberated is required to continue in the service and under the control of the executor until the estate shall have been fully and finally settled, are questions which we do not conceive to arise upon the record, and consequently not proper to be decided. We think it clear that the probate court could exercise no jurisdiction touching the question of freedom under any state of case that could be imag--ined, and that therefore the decree pronounced in this case is a mere nullity. Such being our view of the law we think it clear that there is no error in the judgment of the circuit court. Judgment affirmed.